NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No.: 08-622 (JLL) |
| v. | **ORDER** |
| SHAROD BROWN, | |

This matter comes before the Court on the pretrial motions of Defendant Sharod Brown. The Court has read the submissions in support of and in opposition to the motion and finds that:

1. <u>Request for an order compelling the Government to disclose pretrial any "other crimes" evidence</u>: This matter was previously addressed in this Court's Order dated November 20, 2008 which ordered that any Rule 404(b) evidence was to be submitted "not less than ten (10) calendar days prior to the date of trial, except that for good cause shown, the Court may excuse such pretrial notice." Therefore, the present request is moot.

2. <u>Request for a pretrial determination of the admissibility of evidence pursuant to Fed. R. Evid. 609(a)(1) and (2)</u>: The government asserts in its opposition that "[s]hould Defendant testify, [it] intends to impeach Defendant with his prior convictions." In order to determine his trial strategy, Defendant requests a pretrial determination on whether such evidence will be admissible. The Court will hear argument on this issue.

3. <u>Request for an order requiring disclosure of all *Brady* and *Giglio* material</u>: The prosecution asserts that it is not currently in possession of any *Brady* material but will fully comply with its *Brady* obligation, turning over any *Brady* material if discovered. This Court's November 20, 2008 Order also addressed this issue, ordering that any *Brady* material should be turned over to Defendant. With respect to any *Giglio* material, this issue was addressed by the Court's November 20, 2008 Order which ordered that any *Giglio* material be turned over "sufficiently in advance of the witness's testimony to avoid delay in the trial." The Government states that it will produce this material at least three days prior to the testimony of each witness. The Court finds this production schedule to be

sufficient.

4. <u>Request for an order requiring early disclosure of all Jencks materials</u>: This issue was addressed by the Court's November 20, 2008 Order which ordered that any Jencks material be turned over "sufficiently in advance of the witness's testimony to avoid delay in the trial." The Government states that it will produce this material three days before the testimony of each witness. The Court finds this production schedule to be sufficient.

5. <u>Request for an order requiring the Government to review the personnel files of law enforcement officers who participated in the case and make any required disclosures</u>: The Government proposes that it contact the legal counsel for the FBI and the Newark Police Department and request that attorneys for these entities review the files and disclose any information that reflects negatively on the officers. The Government will makes its determination of whether it believes the material should be turned over and will disclose any ambiguous material to the Court for an <u>in camera</u> review and determination. The Court finds this process appropriate.

6. <u>Request for an order requiring that the Government prepare and produce a summary of expert opinion testimony</u>: The Government does intend to call an expert but states that the expert has yet to be identified. The Government states that the expert will testify regarding: "(1) the correlation between the fingerprint cards from the defendant's prior arrest and the current charge; and (2) [that] the weapon recovered was a firearm under federal law that was manufactured outside New Jersey." The Government must identify the witness and make the appropriate disclosures under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G) no later than ten (10) days prior to trial. Because Defendant is on notice of the subject matter of the expert testimony, the Court finds this production schedule sufficient.

7. <u>Request for an order dismissing the forfeiture allegation</u>: Although this request is listed in Defendant's Notice of Pretrial Motions, it is not argued in the corresponding brief. Therefore, this Court denies this request without prejudice.

8. <u>Request for an order permitting the Defendant to file any additional necessary motions</u>: Defendant may make any additional motions in accordance with this Court's November 20, 2008 Order without leave of Court; Defendant must request leave to file any other pretrial motions.

9. <u>Request for a suppression hearing</u>: The Court has reviewed the submissions and will hear argument on this issue.

Accordingly, it is on this 9th day of July, 2009,

**ORDERED** that Defendant's present request for disclosure of Rule 404(b) evidence is denied as MOOT; and it is further

**ORDERED** that the Government shall immediately disclose any exculpatory evidence under *Brady v. Maryland* if such evidence is later identified by the Government; and it is further

**ORDERED** that any Jenks and *Giglio* material shall be produced by the Government at least three (3) days prior to the testimony of each witness. In accord with this ruling and this Court's November 28, 2008 Order, Defendant shall produce any reverse Jencks material at least three (3) days prior to the testimony of each witness; and it is further

**ORDERED** that the Government contact the legal counsel for the FBI and the Newark Police Department, request that attorneys for these entities review the personnel files of law enforcement officer who participated in the case, and disclose any information that reflects negatively on the officers. The Government shall then make any required disclosures. If the Government is unsure about whether something should be disclosed, the Government must submit such material to this Court for in camera review; and it is further

**ORDERED** that no later than ten (10) days prior to trial, the Government must identify its expert witness and make the appropriate disclosures under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G); and it is further

**ORDERED** that Defendant may make any additional motions in accordance with this Court's November 20, 2008 Order without leave of Court; Defendant must request leave to file any other pretrial motions; and it is further

**ORDERED** that Defendant's request to dismiss the forfeiture allegation is denied without prejudice; and it is further

**ORDERED** that a hearing is set for **September 9, 2009 at 10AM** for argument on (1) the admissibility of impeachment evidence pursuant to Fed. R. Evid. 609(a)(1) and (2), and (2) whether the seized evidence should be suppressed.

**IT IS SO ORDERED.**

José L. Linares
United States District Judge